JOSEPH ROGERS, DEFENDANT IN CERTIORARI, v. JOHN
. KERSHAW, PLAINTIFF IN CERTIORARI.

Submitted July 14, 1899—Decided November 14, 1899.

In actions for slander or libel, brought in a District Court and appealed to
the Common Pleas, where the defence is that the communication was
privileged, and it appears the privilege is one qualified by the condi-
tion that the communication must have been *bona fide* and without
express malice, a mixed question of law and fact is presented, the
decision of which will not be reviewed on *certiorari* if there be any
evidence to support it.

On *certiorari* to Passaic Pleas.

Before Justices DIXON and COLLINS.

For the plaintiff in *certiorari*, *Michael Dunn.*

For the defendant in *certiorari*, *John W. Harding.*

The opinion of the court was delivered by

COLLINS, J. The *certiorari* in this cause removes a judg-
ment of the Passaic Common Pleas on an appeal from the
District Court of Paterson, taken at a time when the statute
permitted such an appeal, and tried without a jury. The
state of demand has two counts, the one for slander and the
other for libel. The count for slander is, for the first time,
challenged in this court, and should therefore not be con-
demned, but should be amended if need be. While not arti-
ficial, the count is sufficient for a District Court where no
great particularity in pleading should be exacted of suitors.
The count for libel was properly held unexceptionable in the
court below. The only arguable cause assigned for reversal
is that the communications were privileged. There was evi-
dence to sustain the first count by proof of words spoken, in
substance as laid, when the occasion could not have been
privileged; but, if we consider only the occasion to which

the plaintiff in *certiorari* seeks to limit the communications intended by the pleader, still we cannot disturb the judgment. The claim is that such occasion was the protest of the plaintiff in *certiorari* as a citizen and taxpayer, to the mayor of the city, against the proposed appointment, as policeman, of the defendant in *certiorari*. The communication was at first verbal, and then, at the mayor's request, was embodied in an affidavit. The privilege of a citizen to be heard as to the fitness of a pending appointment to municipal employment is qualified by the condition that his unfavorable statement shall be *bona fide* and without express malice. *Odg. Lib. & S.* *227. Thus a mixed question of law and fact was presented to the judge for decision. On review, by *certiorari*, of the judgments, original or appellate, of the courts of Common Pleas, which are courts of general jurisdiction, this court will not reverse a conclusion involving a determination of facts, if legally warranted by any evidence. *Tewksbury* v. *Branchburg*, 15 *Vroom* 595; *Roehers* v. *Remhoff*, 26 *Id.* 475; *Shangnuole* v. *Ohl*, 29 *Id.* 557; *Houman* v. *Schulster*, 31 *Id.* 132.

In this case, on the proofs laid before us, there was legal warrant for the decision, and the judgment must be affirmed, with costs.